# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JACOB SPRADLIN,

      Plaintiff,

v.                                            Case No. 3:16-cv-08968

WEST VIRGINIA REGIONAL JAIL
AUTHORITY,

      Defendant.

## **PROPOSED FINDS OF FACT AND RECOMMENDATIONS**

On September 19, 2016, Plaintiff, Jacob Spradlin ("Spradlin"), proceeding *pro se* and incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant, the West Virginia Regional Jail & Correctional Facility Authority ("the Jail Authority"), alleging that the Western Regional Jail was not providing him with adequate psychiatric care. (ECF No. 2 at 4-5). Pending before the Court are the Jail Authority's Motion to Dismiss, (ECF No. 9), and Spradlin's responsive Motion to Not Dismiss. (ECF No. 13). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed Spradlin's allegations and the Jail Authority's motion, the undersigned **FINDS** that the complaint fails to state a viable claim against the Jail Authority for three reasons. First, the Jail Authority is entitled to Eleventh Amendment

immunity from prosecution. Second, Spradlin's claim for prospective relief lacks any factual basis. Third, Spradlin failed to exhaust his administrative remedies; thereby, denying the Jail Authority an opportunity to investigate and address his concerns. Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** the Jail Authority's Motion to Dismiss (ECF No. 9); **DENY** Spradlin's Motion to Not Dismiss, (ECF No. 13); **DISMISS** the complaint against the Jail Authority; and **REMOVE** this matter from the docket of the Court.

I. <u>**Relevant Facts and Procedural History**</u>

Spradlin alleges in his complaint that he harmed himself while incarcerated at the Western Regional Jail in Barboursville, West Virginia. Consequently, he was placed on a suicide watch. (ECF No. 2 at 4). Notwithstanding his fragile mental state, Spradlin claims that he was never taken to see a psychiatrist and was so poorly observed that he was free to continue harming himself. (*Id.*) Spradlin seeks punitive damages in the amount of $25,000, payment of future medical expenses, and "a change in the water [sic] the special management inmates are treated & maintained." (*Id.* at 5).

On October 27, 2016, the Jail Authority filed a Motion to Dismiss the complaint on the ground that it was entitled to immunity from litigation under the Eleventh Amendment to the United States Constitution. Further, the Jail Authority asserted that Spradlin's claim for equitable relief was moot, because he was no longer incarcerated at the Western Regional Jail. (ECF No. 9). In fact, Spradlin had been transferred to the William R. Sharpe Hospital in Weston, West Virginia; presumably, for psychiatric evaluation. (ECF No. 12). Thereafter, Spradlin filed a Motion to Not Dismiss the complaint, and the Jail Authority filed a reply memorandum. (ECF Nos. 13, 14).

On January 11, 2017, Spradlin filed a Notice of Change of Address, indicating that

he had returned to the Western Regional Jail. (ECF No. 15). Shortly thereafter, the undersigned scheduled the pending motions for a hearing, which was held on February 2, 2017. (ECF No. 18). At the hearing, the undersigned addressed inadequacies in Spradlin's complaint, explaining to Spradlin that he would have to amend his complaint to add as defendants the individuals and/or entities that he felt had violated his federal and constitutional rights. (ECF No. 19). To assist Spradlin with that task, the undersigned ordered the Jail Authority to produce to Spradlin a copy of his inmate file, as well as the names of the psychological and medical service providers at the Western Regional Jail during the relevant period. (*Id.*).

On February 15 and 20, 2017, the Jail Authority filed disclosures, indicating that it had complied with the Court's Order and provided the information to Spradlin. (ECF Nos. 20, 21). Despite having received Defendant's disclosures, Spradlin failed to file an amended complaint before the deadline of March 14, 2017. To date, Spradlin has never amended or supplemented the complaint to add any defendant in addition to or in place of the Jail Authority, or to add any additional claim.

## II. <u>Standard of Review</u>

Spradlin has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A court is not required to rewrite pleadings to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411,

3

417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Jail Authority seeks dismissal under Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). Second, the movant may contend, as the Jail Authority has done here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, a court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* The burden of proving that a court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, a court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 (2007). Plausibility requires allegations that "raise a right to relief above the

4

speculative level." *Id.* at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Va. Dep't of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) (citing *Andrews v. Daw*, 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; see also Zemedagegehu v. Arthur*, No. 1:15cv57 (JCC/MSN), 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (collecting cases). In this case, whether the Jail Authority's Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference given that the undersigned has relied solely on the complaint in resolving the issue, having construed it in the light most favorable to Spradlin. *Beckham v. Nat'l. R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

### III. <u>Discussion</u>

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment refers only to suits by citizens of other states, the United States Supreme Court has construed the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens

5

of another state.'" *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("It has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

As a threshold issue, the undersigned must determine whether the Jail Authority is an arm of the State protected by Eleventh Amendment immunity. *See Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) ("[B]ecause of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*."). In a number of past decisions, this Court considered that question with regard to the Jail Authority—or the Western Regional Jail ("WRJ"), "which is just a building owned and operated by the [Jail Authority] and is not a separate entity"—and has answered in the affirmative. *Kinder v. PrimeCare Med., Inc.*, No. 3:13-31596, 2015 WL 1276748, at *2 & n.1 (S.D.W. Va. Mar. 19, 2015) (dismissing the Jail Authority from § 1983 suit on Eleventh Amendment grounds and finding it unnecessary to separately dismiss the WRJ because it is not a separate entity); *Skaggs v. W. Reg'l Jail*, No. 3:13-3293, 2014 WL 66645, at *1, *4 (S.D.W. Va. Jan. 8, 2014) (dismissing the WRJ from § 1983 suit and adopting finding that the WRJ is arm of the State for Eleventh Amendment purposes); *Lewis v. W. Reg'l Jail*, No. 3:11-cv-01016, 2012 WL 3670393, at *5 (S.D.W. Va.

July 24, 2012) (recognizing that "the WRJ is not a person subject to suit under § 1983"), *report and recommendation adopted by* 2012 WL 3726874 (S.D.W. Va. Aug. 27, 2012);[1] *see also Dement v. Summers Cty. Courthouse*, No. 5:13-cv-08899, 2015 WL 461560, at *3 (S.D.W. Va. Feb. 3, 2015) (finding that Southern Regional Jail was not subject to § 1983 suit). Thus, the Jail Authority is protected by sovereign immunity unless an exception to the Eleventh Amendment applies.

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 248–49 (4th Cir. 2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). Such a waiver must be express, or in other words, the waiver must be an "'unequivocal' statement of the state's intention to subject itself to suit in *federal* court." *See Regueno*, 2013 WL 1837881, at *3 (quoting *Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 471 (4th Cir. 1988)). Historically, the State of West Virginia has not waived its sovereign immunity in similar suits. *See Kinder*, 2015 WL 1276748, at *7; *Skaggs*, 2014 WL 66645, at *5; *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, at *4 (S.D.W. Va. July 12, 2013); *Thompson v. W. Va. Reg'l Jail/Corr. Auth.*, No. 3:13-1897, 2013 WL 3282931, at *4 (S.D.W. Va. June 27, 2013); *Meadows v. Huttonsville Corr. Ctr.*, 793 F. Supp. 684, 686 (N.D.W. Va. 1992). Further, in this case, the Jail Authority asserted the defense of immunity in its Motion to Dismiss

---

[1] In *Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996), the Fourth Circuit discussed the interplay between personhood under § 1983 and the Eleventh Amendment:

> If an official or entity is not immune from suit under the Eleventh Amendment that official or entity *is* a "person" subject to suit under § 1983. ... The opposite is also true, if the Eleventh Amendment applies, the entity or official is not a person under § 1983. ... Therefore, federal courts should approach these issues solely under the rubric of the Eleventh Amendment, and should not consider an argument of "personhood" under § 1983.

7

(ECF No. 9) and supporting memorandum (ECF No. 10). Consequently, the waiver exception does not apply to this suit.

As to the second exception, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (alteration in original) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). In *Will*, the Supreme Court concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government . . . unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons" for the purposes of § 1983, it would have explicitly done so. *Id.* (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)). Two years later, the Supreme Court reaffirmed its holding in *Will* and explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (alteration in original) (quoting *Will*, 491 U.S. at 65). Thus, the law is well-settled that Congress has not abrogated Eleventh Amendment sovereign immunity in the context of a § 1983 action. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979).

As to the third exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew*

8

*v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Freeland v. Ballard*, 6 F. Supp. 3d 683, 694 (S.D.W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). "The *Ex parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (alteration in original) (citing *Ex Parte Young*, 209 U.S. at 155–56). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008)). Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). Because the Jail Authority is not a state officer, but rather a state entity or agency, the third exception to Eleventh Amendment immunity is inapplicable. *Lee-Thomas*, 666 F.3d at 249 (recognizing that lawsuit must name state official as defendant, not state agency); *Chafin*, 2013 WL 3716673, at *5 (recognizing same); *see also Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) ("*Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction"). Therefore, the undersigned **FINDS** that the Jail Authority is

immune from suit pursuant to the Eleventh Amendment to the United States Constitution, and no exception to the Eleventh Amendment applies in this case.

With respect to his claim for prospective relief, Spradlin may argue that he should be given an opportunity to amend his complaint and add as a defendant the Jail Authority official who enforces policies related to the treatment of "special management" inmates. However, this argument is unavailing, not only because Spradlin failed to amend his complaint when given the opportunity, but also because his complaint lacks a plausible claim for prospective relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 570). Spradlin does not identify any particular policy or procedure implemented and enforced by an officer of the Jail Authority that violates his constitutional rights. Moreover, he provides no factual allegations upon which the Court can conclude that such a policy or procedure exists. To the contrary, the only facts supplied by Spradlin concern his individual experience, which may or may not have unfolded in conformance with a sanctioned policy and procedure of the WRJ or the Jail Authority. The remainder of the complaint includes only vague and conclusory statements. It certainly provides no information to demonstrate that a different process was employed by the Jail Authority when arranging for the psychological care of special management inmates versus inmates in the general population. Therefore, the undersigned **FINDS** that Spradlin has not alleged sufficient facts to state a plausible claim for prospective relief.

Furthermore, the PLRA requires prisoners to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see, also, Porter v. Nussle,* 534 U.S. 516, 524, (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." (citations and internal quotation marks omitted)). Generally, exhaustion need not be alleged by the plaintiff, but is instead "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Nonetheless, the fact that exhaustion is an affirmative defense "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson*, 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)). When exhaustion is not clear on the face of the complaint, a district court may still *sua sponte* raise that affirmative defense, but may not dismiss the complaint on that ground without first giving the plaintiff an opportunity to respond. *Id.* at 682-83.

Here, Spradlin confirmed on the face of the complaint that the WRJ had a grievance procedure, yet he did not file a grievance, or otherwise present the issue to the WRJ's administrators before filing a federal civil rights complaint. (ECF No. 2 at 3). As a result, the WRJ and the Jail Authority were denied the opportunity to investigate Spradlin's concerns and resolve them. When asked to explain why he did not pursue

administrative relief, Spradlin claimed without elaboration that he was "unable to do so." (*Id.*). Spradlin's unsupported excuse simply does not provide an adequate basis for bypassing the WRJ's available grievance process. *See Ross v. Blake*, 136 S. Ct. 1850, 1854–55, 195 L. Ed. 2d 117 (2016) ("The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). The court below adopted an unwritten 'special circumstances' exception to that provision, permitting some prisoners to pursue litigation even when they have failed to exhaust available administrative remedies. Today, we reject that freewheeling approach to exhaustion as inconsistent with the PLRA."). In *Ross,* the Supreme Court reiterated that exhaustion is mandatory and "is no longer left to the discretion of the district court." *Id.* at 1858 (quoting *Woodford v. Ngo,* 548 U.S. 81, 85 (2006)). Spradlin alleges no facts to suggest that the WRJ's grievance process was not available to him, nor does he provide an explanation for why he was unable to access the grievance process. As such, Spradlin was required to comply with the steps of that process before proceeding to federal court.

Because this is one of the rare cases in which the failure to exhaust administrative remedies is clear on the face of the complaint, the court may *sua sponte* dismiss the action on that ground. Accordingly, the undersigned **FINDS** that Spradlin failed to exhaust available administrative remedies as required by the PLRA.

IV. **Proposal and Recommendations**

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** the Jail Authority's Motion to Dismiss (ECF No. 9); **DENY** Spradlin's Motion to Not Dismiss, (ECF No. 13); **DISMISS** the complaint against

the Jail Authority, **with prejudice**, and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have seventeen days (fourteen days for filing of objections plus three days after service by mail) from the date of being served with this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1365–66 (4th Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is **DIRECTED** to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and counsel of record.

**FILED:** May 16, 2017

Cheryl A. Eifert
United States Magistrate Judge

13